In re Warren L. TAYLOR, Jr., Cathy L. Taylor, Debtors.

Warren L. TAYLOR, Jr., Cathy L. Taylor, Plaintiffs–Appellees,

v.

AGE FEDERAL CREDIT UNION, Defendant–Appellant.

No. 92–8937.

United States Court of Appeals, Eleventh Circuit.

Oct. 13, 1993.

Before TJOFLAT, Chief Judge, DUBINA, Circuit Judge, and PAINE *, Senior District Judge.

DUBINA, Circuit Judge:

Creditor Albany Government Employees Federal Credit Union ("AGE") appeals the district court's reversal of the bankruptcy court's order which held that a Chapter 7 bankruptcy debtor who has outstanding consumer debt may not retain the property securing the creditor's claim without redeeming the property or reaffirming the debt on the property under 11 U.S.C. § 521(2).[1] The district court found that section 521(2) provided a debtor, who is otherwise not in default in his or her obligations to the creditor, the option to retain and keep current on the obligation. 146 B.R. 41 (M.D.Ga.1992). We agree with the holding of the bankruptcy court and, therefore, reverse the district court's judgment and remand with instructions to affirm the bankruptcy court's order.

K. Alan Dasher, Vansant, Corriere & McClure, P.C., Albany, GA, for Amicus Ga. Credit Union.

Havely M. Allgood, Neil C. Gordon, Richard P. Kessler, Jr., Macey, Wilensky, Cohen, Wittner & Kessler, Atlanta, GA, Durant S. Abernethy, III, Credit Union Nat. Ass'n, Inc., Madison, WI, for defendant-appellant.

Henry C. Custer, Cawthon Hester Custer, Albany, GA, for plaintiffs-appellees.

## I. STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

The parties stipulated to the relevant facts in the bankruptcy and district courts. On February 20, 1991, the debtors, Warren L. Taylor, Jr. and Cathy L. Taylor (the "Taylors"), filed a petition pursuant to 11 U.S.C. Chapter 7. AGE holds a first lien on the Taylors' vehicles, a 1991 Chevrolet S–10 pickup truck and a 1985 Chevrolet Caprice Clas-

---

* Honorable James C. Paine, Senior U.S. District Judge for the Southern District of Florida, sitting by designation.

1. 11 U.S.C. § 521. Debtor's duties

The Debtor *shall*—

....

(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—

(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor *shall* file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor *shall* perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title;

....

11 U.S.C. § 521(2) (emphasis added).

sic. When the Taylors filed the petition, the truck's value was $8500.00, with a balance remaining on the loan of $7,928.62; the car's value was $3,100.00, with a remaining balance on the loan of $2,172.11. The debtors were current with their payments to AGE upon filing bankruptcy and remain current.

The Taylors filed a statement of intention with respect to the property as required by 11 U.S.C. § 521(2) regarding property as security for consumer debt. The Taylors indicated on their statement an intention to retain the property; however, they failed to indicate whether they would reaffirm or redeem the collateral, the two options expressly set forth in 11 U.S.C. § 521(2) for retaining collateral serving as security for debt. At the creditors' meeting, the Taylors declared their intention to retain the vehicles and remain current on their obligations to AGE without reaffirming or redeeming.

AGE filed a motion to compel the Taylors to comply with 11 U.S.C. § 521 and specify their intention to either redeem the vehicles or reaffirm the debts secured by the vehicles. The Chapter 7 trustee also filed a motion to compel the debtors to comply with section 521 and adopted the allegations in AGE's motion.

The bankruptcy court entered an order compelling the Taylors to enter into a reaffirmation agreement or redeem the property. 138 B.R. 1018 (Bankr.M.D.Ga.1992). The Taylors appealed that order to the district court, which reversed the order of the bankruptcy court. AGE then perfected this appeal.

## II. ANALYSIS

 "Although this case has been reviewed on appeal by the district court, we review the bankruptcy court's findings as if this were an appeal from a trial in the district court." *In re St. Laurent*, 991 F.2d 672 (11th Cir.1993). The parties do not dispute

the facts. Therefore, we review only the legal conclusions of the bankruptcy and district courts. These conclusions are reviewed *de novo. Id.; See also In re Patterson*, 967 F.2d 505, 508 (11th Cir.1992).

 The debtors contend that 11 U.S.C. § 521(2) provides a Chapter 7 debtor who has consumer debts with the option to retain the collateral property and to keep current on the obligation under the existing contract. In contrast, AGE maintains that section 521(2) provides that a consumer debt holder may only retain the collateral and reaffirm the debt, retain the collateral and redeem it, or surrender the collateral.[2]

 The question presented here is whether 11 U.S.C. § 521(2) permits a Chapter 7 debtor to retain the property without reaffirming or redeeming if he continues to perform according to the repayment provisions of the note and underlying contract. This is an issue of first impression in this circuit. Other circuits addressing the issue have reached different conclusions regarding the debtor's duties under section 521. *See Homeowners Funding Corp. v. Belanger (In re Belanger)*, 962 F.2d 345 (4th Cir.1992) (debtor may retain · property without reaffirming or redeeming); *In re Edwards*, 901 F.2d 1383 (7th Cir.1990) (debtor must redeem or reaffirm to retain property); *Lowry Fed. Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989) (within discretion of bankruptcy court debtor may retain property without reaffirming or redeeming).

AGE cites *Edwards*, 901 F.2d at 1385–86, in support of its argument that the language of section 521(2) clearly provides that a debtor shall retain the property and reaffirm the debt, retain the property and redeem, or surrender the property. This reasoning is based upon the plain language of section 521(2)(A) which states:

---

**2.** Reaffirmation contemplates a voluntary agreement between a creditor and the debtor whereby a debt which is otherwise dischargeable with respect to the personal liability of the debtor, is renegotiated or reaffirmed by both parties. 11 U.S.C. § 524(c). Redemption, codified at 11 U.S.C. § 722, provides that a debtor may redeem personal property from a lien securing a dis-

chargeable consumer debt by paying the secured lender the lesser of the fair market value of its collateral or the amount of the claim on the date the petition is filed. Surrender provides that a debtor surrender the collateral to the lienholder who then disposes of it pursuant to the requirements of state law.

[T]he debtor *shall* file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm the debt secured by such property.

(emphasis added).

In support of its decision that section 521(2) is mandatory, the *Edwards* court relied upon the Sixth Circuit's conclusion in *In re Bell*, 700 F.2d 1053, 1056–58 (6th Cir. 1983),[3] which held that a debtor who desires to retain secured property must redeem or reaffirm and that redemption cannot be accomplished through installment payments.

[R]eaffirmation is supposed to involve a fully voluntary negotiation on both sides. Permitting a debtor to retain property while keeping up installment payments without a reaffirmation of personal liability allows a debtor to force a new arrangement on a creditor. This negates the voluntarism contemplated by the statute. No debtor would reaffirm personal liability unless required to do so.... When a debtor is relieved of personal liability on loans secured by collateral, the debtor has little or no incentive to insure or maintain the property in which a creditor retains a security interest.

*Edwards*, 901 F.2d at 1386, *noted in Bell*, 700 F.2d at 1056. Relying upon this reasoning and the 1984 Amendments to the Bankruptcy Code, the *Edwards* court concluded that the language of section 521 is mandatory. *Id.* at 1386–87.

Although the Tenth Circuit in *Lowry* reached a contrary result, the court noted that the language of section 521 is mandatory. "There is no room within the direct language of the section to presume [the language is not mandatory]." 882 F.2d at 1545. The court further stated:

To escape the mandatory language of the section, debtors argue the "if applicable" phrase gives a debtor some form of option. We are unpersuaded by that argument

because it is inconsistent with the plain meaning of the statute. The words "if appropriate" [sic] are gratuitous and do not affect the mandatory duties prescribed by the statute. The plain English of the section requires every debtor in possession of collateral to make an election whether to retain or relinquish that property. If the debtor decides to retain, the debtor is required to elect whether to redeem or reaffirm. The section also requires the choice be effected within 45 days no matter whether the decision is to retain or relinquish. No other meaning can be gained from the precise terms of the statute, and nothing suggests the debtor can simply elect to retain the property and ignore the other duties required by § 521(2).

*Id.* at 1545, n. 2. The court continued to address the enforcement of section 521(2) and stated that although a debtor may redeem property under 11 U.S.C. § 722, or reaffirm a debt pursuant to 11 U.S.C. § 524(c)(4), "nothing within the Code makes either course exclusive." *Id.* at 1546.

Several bankruptcy courts agree with the Seventh Circuit's analysis and have held that section 521(2) mandates that a debtor must make a choice either to reaffirm the debt, redeem the collateral or surrender the collateral. *See, e.g., In re Kennedy*, 137 B.R. 302 (Bankr.E.D.Ark.1992); *In re Horne*, 132 B.R. 661 (Bankr.N.D.Ga.1991); *In re Chavarria*, 117 B.R. 582 (Bankr.D.Idaho 1990); *In re Stephens*, 85 B.R. 854 (Bankr.D.Idaho 1988). In *Kennedy*, a creditor filed a motion seeking an order requiring a debtor to choose from among the three requirements of section 521(2). The bankruptcy court adopted the *Edwards* rationale and held that section 521 did not permit a debtor to retain the collateral and to make payments without reaffirming or redeeming. The court reasoned that if a debtor is permitted to retain the collateral without performing either redemption or reaffirmation, both of these alternatives would be rendered "nugatory." *Id.* at 304. "A Chapter 7 debtor would never have a reason to either reaffirm the debt or

---

**3.** The Sixth Circuit decided *Bell* the year before Congress passed the 1984 Amendments to the

Bankruptcy Code.

redeem the collateral if this or other alternatives existed." *Id.* (citations omitted). *See also, In re Griffin,* 143 B.R. 535, 537 (Bankr. E.D.Ark.1991) (section 521(2)(A) and (B) mandate that a debtor must make a choice to either reaffirm the debt, redeem the collateral, or surrender the collateral).

The Taylors urge us to adopt the Fourth Circuit's holding in *In re Belanger,* 962 F.2d 345 (4th Cir.1992), which permits a debtor to retain his or her property and keep current on his or her obligation under the existing contract. They also rely on several bankruptcy opinions from this circuit. *See, In re Shubert,* 147 B.R. 618 (Bankr.N.D.Ga.1992); *In re Windham,* 136 B.R. 878 (Bankr. M.D.Fla.1992); *In re Donley,* 131 B.R. 193 (Bankr.N.D.Fla.1991); *In re Hunter,* 121 B.R. 609 (Bankr.N.D.Ala.1990). Most of these courts focused upon the phrase "if applicable" and reasoned that if a debtor wishes to retain secured property but does not want to redeem or reaffirm, then those options are not "applicable." This reasoning does not comport with the plain language of section 521 which states that "the debtor shall file with the clerk a statement of his intention with respect to the *retention or surrender* of such property, and if applicable...." 11 U.S.C. § 521(2)(A) (emphasis added). Referring to the language preceding the phrase "if applicable," it is clear when the options of redemption and reaffirmation would not be applicable. This language does not apply to a debtor's surrender of the property; it therefore must apply to a debtor's retention of property. If a debtor retains secured property, then the options of redemption and reaffirmation are applicable and the debtor is required to redeem or reaffirm.

The plain language of section 521(2)(B), which requires a debtor, within forty-five days of the filing of the statement of intention, to "perform his intention with respect to such property ...," indicates that the debtor must perform some act with respect to the property within a specified period of time. An option to retain and keep current is not an act capable of performance within forty-five days. This option provides that the debtor's performance not be concluded until the expiration of the contract, a period of time ordinarily beyond the forty-five day limit. Additionally, retention is not a duty that the debtor needs to "perform," as the debtor already has possession of the property.

We find the reasoning articulated by Judge Drake in *Horne* to be persuasive. Judge Drake stated:

> This court thinks that the better view, and one that is consistent with the wording of the statute, is that Debtors, if they intend on retaining the property, must choose one of the alternatives set forth in § 521(2)(A).... If Debtors intend on remaining current in their obligations under the contract, they may negotiate a reaffirmation agreement with the creditor. Allowing retention of the property without reaffirmation or redemption would be tantamount to forcing the creditor into a *de facto* reaffirmation agreement with no recourse against the debtor.... Furthermore, the debtors would have no incentive to keep the property in good condition or to continue making payments if the value of the collateral declined below the amount of the debt or was destroyed. Such an arrangement is contrary to the language of the Code.

132 B.R. at 663–64 (citations omitted).

We recognize Congress intended the bankruptcy laws to provide a debtor a "fresh start" by allowing a debtor to discharge all dischargeable debts while retaining assets that are exempt. *See* 11 U.S.C. §§ 727 and 522, respectively. Allowing a debtor to retain property without reaffirming or redeeming gives the debtor not a "fresh start" but a "head start" since the debtor effectively converts his secured obligation from recourse to nonrecourse with no downside risk for failing to maintain or insure the lender's collateral.

Section 521 mandates that a debtor who intends to retain secured property must specify an intention to redeem or reaffirm. Nothing in the plain language of the statute provides a debtor with an option to retain the property and to continue to make payments. "Courts must apply the law as enacted by Congress. The statutory language clearly expresses congressional intent, and, in the absence of any ambiguity, [this] court [will]

not read another meaning into the statute to arrive at a more preferable result." *Matter of Cavalier Homes of Georgia, Inc.*, 102 B.R. 878, 889 (Bankr.M.D.Ga.1989) (citations omitted).

### III. CONCLUSION

Because we hold the plain language of 11 U.S.C. § 521(2) does not permit a Chapter 7 debtor to retain the collateral property without either redeeming the property or reaffirming the debt, we reverse the judgment of the district court and remand this case with instructions to affirm the bankruptcy court's order.

REVERSED and REMANDED.