**In re Karen Jean GREER, Debtor.**

**Bankruptcy No. 95–13887–BKC–RAM.**

United States Bankruptcy Court,
S.D. Florida.

Nov. 27, 1995.

Drew Sheridan, Miami, FL, for Debtor.

Bruce M. Boiko, Miami, FL, for Delta.

### MEMORANDUM OPINION AND ORDER GRANTING MOTION TO COMPEL DEBTOR TO REAFFIRM, REDEEM OR SURRENDER COLLATERAL

ROBERT A. MARK, Bankruptcy Judge.

Before the Court is the Motion to Compel Debtor to Reaffirm, Redeem or Surrender Collateral ("Motion to Compel") filed by Delta Employees Credit Union ("Delta"). Delta seeks an order compelling the Debtor to exercise one of the alternatives specified in § 521 of the Bankruptcy Code with respect to the indebtedness secured by a 1986 Nissan automobile (the "car"). The Motion to Compel is typical of similar motions to compel filed by secured creditors in Chapter 7 cases, except for one unusual feature. In addition to the automobile loan, the car secures amounts owed to Delta on a Visa card and amounts owed under an overdraft agreement. The Debtor proposes to reaffirm the automobile loan, but not the credit card and overdraft indebtedness. For the reasons that follow, the Court concludes that the Debtor cannot compel Delta to accept a partial reaffirmation under § 521.

### FACTUAL BACKGROUND

Debtor filed her Chapter 7 petition on August 14, 1995. As of the petition date, the Debtor owed the following amounts to Delta:

1. $4,147.19 on an automobile loan pursuant to a Note and Security Agreement executed on September 15, 1994 (the "Car Loan");

2. $4,502.76 pursuant to a Visa Agreement dated March 21, 1990 (the "Visa Debt"); and

3. $920.32 pursuant to an Overdraft Protection Agreement dated October 31, 1993 (the "Overdraft Debt").

The Note and Security Agreement executed in connection with the Car Loan contained a cross-collateralization provision pursuant to which the car also secures the Visa Debt and the Overdraft Debt. The Debtor has scheduled the car as having a value of $3,500.00. The Debtor's Statement of Intention describes the car and indicates that the debt will be reaffirmed.

On October 23, 1995, Delta filed its Motion to Compel. The Debtor filed a response stating her willingness to reaffirm the Car Loan, but not the Visa Debt or Overdraft Debt. The Debtor argues that reaffirming these other debts, which were unsecured until she financed the car, would be commercially unreasonable since the car is worth only $3,500 and Delta is seeking reaffirmation of debts in excess of $9,500.

The Court conducted a hearing on the Motion to Compel on November 9, 1995. At the hearing, the Debtor's counsel suggested that the cross-collateralization provision in the Note and Security Agreement may be unenforceable, but no motion or adversary proceeding has been brought challenging the enforceability of the provision. Thus, for purposes of this Order, the Court assumes that the cross-collateralization provision is enforceable under Florida law, such that the Visa Debt and Overdraft Debt are secured by the car as well as the Car Loan itself.

At the hearing, in response to questions by the Court, counsel for Delta acknowledged that Delta's insistence on reaffirmation of the entire debt made no economic sense since the Debtor was unlikely to reaffirm debts in excess of $9,500 in order to retain a car worth $3,500. Nevertheless, Delta insisted on an order compelling reaffirmation of the

entire debt, or alternatively, redemption or surrender of the car based on its undisclosed "policy considerations".

### DISCUSSION

■ Section 521(2)(A) of the Bankruptcy Code requires a debtor, within 30 days after the filing of a petition under Chapter 7, to file a statement of intention indicating an intention to either redeem, surrender or reaffirm consumer debts secured by property of the estate. Subparagraph (B) requires the debtor to perform his or her intention, with respect to such property, within 45 days after the filing of the notice of intent.

The Eleventh Circuit interpreted § 521 in *In re Taylor,* 3 F.3d 1512 (11th Cir.1993). The Court held that the plain language of § 521(2) does not permit a Chapter 7 debtor to retain collateral securing a consumer debt unless the debtor either redeems the property or reaffirms the debt secured by the collateral. 3 F.3d at 1517.

In construing § 521, the *Taylor* court agreed with prior decisions in which courts were troubled with the notion of a debtor retaining collateral while discharging the underlying debt. The courts were concerned about the debtor's lack of incentive to maintain the collateral in good condition, or to continue making payments if the value of the collateral declined below the amount of the debt. *Taylor,* 3 F.3d at 1516, citing *In re Horne,* 132 B.R. 661, 663–664 (Bankr. N.D.Ga.1991). These policy arguments are not applicable here, since the Debtor is willing to reaffirm the Car Loan which exceeds the value of the collateral. Nevertheless, the *Taylor* decision was not premised on these policy arguments, but rather was based primarily on statutory interpretation.

The Debtor has cited no authority requiring a creditor to accept a partial reaffirmation under § 521(2). By contrast, at least one court has specifically ruled that a debtor does not have the right to compel a creditor to accept partial reaffirmation of an undersecured indebtedness. *Matter of Brady,* 171 B.R. 635 (Bankr.N.D.Ind.1994). *Brady* involved loan agreements similar to those here. In that case, the debtor executed a reaffirmation agreement reaffirming both her car loan and a credit line also secured by the car. Debtor's counsel signed off on the car loan reaffirmation, but objected to his client reaffirming the credit line debt. The *Brady* court granted the creditor's motion to approve the reaffirmation of both debts finding that the creditor had the right to condition its consent to reaffirmation of one debt on reaffirmation of the other indebtedness.

■ *Brady* is cited here because the facts are similar and the Court agrees with the result. The Court does not agree with the scope of *Brady's* holding. Nothing in § 521 requires a court to give a creditor the unfettered discretion to veto any reaffirmation proposed by the debtor which it does not like. The Court concurs with Judge Jenneman's conclusion in *In re French,* 185 B.R. 910 (Bankr.M.D.Fla.1995). If the debtor and creditor cannot reach agreement on the terms of a reaffirmation agreement, a debtor fulfills its obligations under § 521 by offering to reaffirm his or her original agreement with the creditor. 185 B.R. at 914.

Despite its disagreement with the broad holding in *Brady* and *In re Briggs,* 143 B.R. 438, 460 (Bankr.E.D.Mich.1992) permitting creditors to condition reaffirmation of a secured debt upon reaffirming unsecured indebtedness, the Court concludes that reaffirming only one of several loans secured by the same property is not permissible. If, under state law, the Visa Debt and Overdraft Debt in this case are also secured by the car, then these debts are part of the "debts secured by such property" as that phrase is used in § 521(2)(A). As such, unless the Debtor chooses to redeem the car, all three debts must be reaffirmed if the Debtor wants to keep the car. The Eleventh Circuit's strict interpretation of § 521(2) in *Taylor* compels this result.

The Court is troubled by the fact that Delta's position does not appear to make economic sense. The balance of the Car Loan exceeds the value of the car, so Delta would presumably fare better with a partial reaffirmation than either a redemption or surrender of the car. Certainly Delta cannot expect the Debtor to reaffirm the entire debt, since an individual debtor, with personal dollars at stake (unlike certain institutional

lenders and certain governmental authorities), is extremely unlikely to make an irrational business decision and reaffirm over $9,500 in debt in order to retain a car worth $3,500. Unfortunately, common sense and rational business decisions cannot be forced upon parties if clear statutory authority and binding Eleventh Circuit precedent legitimizes their position, reasonable or not. *See e.g. In re Security & Energy Systems, Inc.,* 62 B.R. 676, 678 (Bankr.W.D.N.Y.1986) (§ 105 of the Bankruptcy Code cannot be used to provide relief in contravention of a specific Bankruptcy Code provision).

Thus, unless the Debtor can prove in an adversary proceeding that the cross-collateralization provision is unenforceable, or alternatively, convince Delta to act rationally, there is no choice—the Debtor must either reaffirm the entire debt consisting of the Car Loan, the Visa Debt and the Overdraft Debt, surrender the vehicle, or redeem the car for the amount it is currently worth. Therefore, it is—

ORDERED that Delta's Motion to Compel is granted. Unless Delta agrees otherwise, within fifteen (15) days from the date of this Order, the Debtor must either (i) surrender the car; (ii) execute a reaffirmation agreement reaffirming the Car Loan, the Visa Debt, and the Overdraft Debt; or (iii) pay Delta $3,500 to redeem the car. Delta may seek further relief if the Debtor fails to comply with this Order.[1]

DONE AND ORDERED.

---

1. The Eleventh Circuit has not specified the relief courts should provide to a creditor if a debtor fails to perform one of the alternatives required by § 521. The logical remedy here would appear to be to grant stay relief to allow Delta to repossess the car.