## In re SULLIVAN–ANDERSON, Pamela, Debtor.

### No. 03–03271–6J7.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

Dec. 31, 2003.

---

Stephen R. Caplan, Orlando, FL, for debtor.

Efrain Aponte, Longwood, FL, trustee.

### MEMORANDUM OPINION ON INSIGHT'S MOTION TO DISMISS

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on August 21, 2003, on the Motion to Dismiss (Doc. No. 7) filed by the creditor, Insight Financial Credit Union, seeking the dismissal of this case because the debtor's counsel concluded that a reaffirmation agreement signed by the debtor would create an undue hardship to her. The facts are undisputed.

Insight Financial, formerly known as Bell–Tel Credit Union ("Insight"), is a secured creditor of the debtor, Pamela Sullivan–Anderson. The debt is secured by a vehicle, a 2000 Cadillac Escalade, with the value of approximately $22,000. The debtor owes Insight approximately $37,000. She has a monthly car payment due to Insight of $780 and is current on her payments.

The debtor filed this Chapter 7 bankruptcy case on March 26, 2003. On the same day, she filed her Statement of Intentions indicating that she intended to reaffirm the debt due to Insight pursuant

to Section 524(c) of the Bankruptcy Code.[1] Insight sent a reaffirmation agreement to the debtor, which she promptly signed and then forwarded to her attorney for review.

In order for a reaffirmation agreement to be enforceable, Section 524(c) requires an attorney representing a debtor in a Chapter 7 liquidation case to declare that the proposed reaffirmation agreement represents a "fully informed and voluntary agreement" by the debtor and "does not impose an undue hardship on the debtor or a dependent of the debtor." If the debtor is *not* represented by an attorney, Section 524(c)(6)(A) provides that the bankruptcy court independently must find that the reaffirmation agreement does not impose an undue hardship on the debtor or a dependent of the debtor and that the reaffirmation agreement is in the best interest of the debtor.

In this case, the debtor's attorney refused to sign the proposed reaffirmation agreement because he believed that the agreement *would* create an undue hardship on the debtor. The debtor's attorney simply was unable to make the required declaration. As a result, the reaffirmation agreement is not enforceable.

The issue is whether Insight is entitled to any type of relief because the debtor was unable to deliver an enforceable reaffirmation agreement. Based upon these undisputed facts, and pursuant to the Eleventh Circuit authority of *In re Taylor*, 3 F.3d 1512 (11th Cir.1993), Insight argues that this case should be dismissed and the debtor denied a discharge because the debtor did not follow through with her Statement of Intentions as required by Section 521 of the Bankruptcy Code. The debtor contends that dismissal is not appropriate.

In *Taylor*, the Eleventh Circuit ruled that a debtor cannot simply retain property by continuing to make payments on a secured loan. *Taylor*, 3 F.3d at 1516. Rather, a debtor must reaffirm the debt if the debtor wishes to keep the property. Similar to this case, *Taylor* involved a car loan. However, the two cases are not otherwise similar.

In *Taylor*, the debtors wanted to keep their car and to continue making payments, but, unlike this case, the debtors did *not* want to reaffirm the debt. The debtors affirmatively and repeatedly refused to sign a reaffirmation agreement. Here, the debtor desires to reaffirm the debt. She signed the reaffirmation agreement proposed by Insight and even attended the hearing still arguing that she would like to reaffirm the debt. She clearly is not attempting to avoid the requirements of Section 521. Rather, the debtor is trying to carry out her obligations, probably against her best interests. The debtor's attorney, looking at the huge differential between the value of the car the debtor wants to keep and the amount of debt she owes combined with the large monthly payments required, simply cannot certify that the proposed agreement will not impose an undue hardship on the debtor. Nor could this court find that reaffirming this debt is in the debtor's best interest.

The Eleventh Circuit in *Taylor* did not address this situation, where a debtor makes every effort to comply with Section 521 of the Bankruptcy Code but cannot obtain the Section 524(c) certifications necessary to permit the reaffirmation of a debt, nor did the *Taylor* court address remedies for noncompliance with Section 521(2). The *Taylor* court held that, in

---

1. Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

order to retain property subject to a security interest, a debtor is required to take those acts necessary to either redeem or reaffirm the debt pursuant to Section 521(2).[2] *Taylor*, 3 F.3d at 1516. A debtor cannot cavalierly flaunt the requirements of Section 521(2) by refusing to perform a stated intention to reaffirm a debt. The Eleventh Circuit, however, was silent on any remedies that may flow if the debtor does everything required to comply with Section 521(2), but the reaffirmation nevertheless remains unenforceable because either the attorney, if the debtor is represented, or the court, if the debtor is not represented, cannot make the necessary certification that the reaffirmation will not cause the debtor future undue hardship.

█ The Bankruptcy Code also does not specify the consequences or remedies that may arise when a debtor seeks to reaffirm a debt but the debtor's attorney (or the bankruptcy court) cannot, in good faith, make the requisite declaration. Therefore, bankruptcy courts have been left to fashion appropriate remedies on their own, when for various reasons, the debtor's compliance with his or her obligations under Section 521(2) are questioned. If the debtor simply refuses to sign a reaffirmation agreement but wants to retain the property, some courts have dismissed the case or entered orders compelling the surrender of the property to the secured creditor. *In re Harris*, 226 B.R. 924 (Bankr. S.D.Fla.1998) (dismissing case); *Am. Nat'l Bank & Trust Co. v. DeJournette*, 222 B.R. 86 (W.D.Va.1998) (compelling debtors to either surrender collateral, redeem the debt, or reaffirm their obligation).

However, the favored remedy imposed by the majority of courts when the debtor either will not or cannot supply an enforceable reaffirmation agreement is to modify the automatic stay so that the secured creditor can immediately pursue state court relief. *In re Amoakohene*, 299 B.R. 196, 209 (Bankr.N.D.Ill.2003); *In re Donnell*, 234 B.R. 567, 574 (Bankr.D.N.H.1999) ("[R]elief from the automatic stay is the preferred remedy for a debtor's failure to comply with the requirements of Section 521(2)(B)"); *In re Greer*, 189 B.R. 219, 222 n. 1 (Bankr.S.D.Fla.1995); *In re Tameling*, 173 B.R. 627, 628–629 (Bankr.W.D.Mich. 1994); *In re Weir*, 173 B.R. 682 (Bankr. E.D.Cal.1994).

█ This court agrees that no set remedy exists for nonperformance of a debtor's obligations under Section 521. In some cases, dismissal may be appropriate, particularly when a debtor deliberately ignores his or her obligations under Section 521(2). However, barring unusual facts, when a debtor has honestly tried to reaffirm a debt but cannot because either the debtor's attorney or the bankruptcy court concludes that the reaffirmation would cause the debtor an undue hardship, the appropriate remedy is to grant the creditor relief from the automatic stay. The debtor has done all asked of him or her and, while the debtor cannot deliver an enforceable reaffirmation agreement, stay modification is the only appropriate consequence. Dismissal of the case, as sought by Insight, would be a draconian and undeserved remedy.

Presumably, Insight sought dismissal, a more severe remedy, rather than relief

**2.** Other circuits *do* permit debtors to retain secured collateral without reaffirmation or redemption as long as the debtor remains current on payments. *See In re Amoakohene*, 299 B.R. 196, 201 (Bankr.N.D.Ill.2003) (discussing the "unlisted fifth option under § 521(2),"

collecting cases, and noting that the Second, Fourth, Ninth, and Tenth Circuits do permit retention without redemption or reaffirmation while the First, Fifth, Seventh, and Eleventh Circuits have rejected the approach).

from stay, a milder remedy, because stay relief would not achieve the desired result as the debtor is current on her payments. As noted by the Bankruptcy Court for the Northern District of Illinois, in *In re Amoakohene*, 299 B.R. 196, 210 (Bankr. N.D.Ill.2003) "relief from stay may not in the end prevent [a debtor] from 'retaining and maintaining' " because a creditor "might not be able to obtain a state-court foreclosure judgement on the basis of any contractual default." Thus, even if the stay were lifted to permit Insight to pursue state court relief, Insight will not likely be able to demonstrate a contractual default or other breach warranting foreclosure as long as the debtor remains current. Thus, stay relief affords no immediate tangible benefit to Insight.

■ Moreover, relief from stay is no longer necessary here because the stay is already dissolved. On August 22, 2003, the Chapter 7 trustee filed a Report of No Distribution and abandoned any interest in all non-exempt property of the debtor's estate. On August 26, 2003, the debtor received her discharge. "Once abandonment and discharge both occur, § 362(c) automatically dissolves the portion of the stay restraining secured creditors from pursuing their *in rem* claims." *Amoako-*

*hene*, 299 B.R. at 209. Therefore, in concluding that dismissal is not warranted and stay relief, if requested and needed would be the appropriate remedy, the Court acknowledges that Insight largely is left without a remedy. Yet, that is the result merited when the debtor wanted to comply with Section 521(2), timely signed her reaffirmation paperwork, and promptly asked her attorney to provide the required certification. When the attorney refused to certify that reaffirming the debt would not represent an undue hardship for the debtor, it rendered the reaffirmation agreement unenforceable. On these facts, dismissal of the debtor's bankruptcy case is not warranted. Punishing this debtor by dismissing her case solely because her attempt at reaffirmation failed is too severe a remedy.

The Motion to Dismiss is denied. A separate order consistent with this ruling shall be entered.