**In re Teresa WARD, Debtor.**

**No. 04–21981–8W7.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Feb. 22, 2005.

---

**6.** Bankruptcy Code Section 548, on the other hand, does supply federal powers of avoidance.

Victor H. Veschio, Tampa, FL, for Achieva Credit Union.

Beth Ann Scharrer, Seminole, FL, Chapter 7 Trustee.

## ORDER GRANTING MOTION FOR STAY RELIEF FILED BY ACHIEVA CREDIT UNION

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

This case came on for consideration on the motion for relief from the automatic stay ("Motion") filed by Achieva Credit Union ("Credit Union"). The debtor, Teresa Ward ("Debtor"), has filed a response ("Response") in which she states in defense of the Motion: "In my Independent Debtor's Statement of Intention I stated, 'Debtor will retain collateral and continue to make regular payments' in regard to . . ." her automobile. This defense to the Motion is insufficient as a matter of law for two reasons.

■ First, it is clear that the Debtor has failed to comply with the duties imposed upon her under section 521 of the Bankruptcy Code. This section mandates that an individual debtor "shall file . . . a statement of [her] intention with respect to the retention or surrender" of property securing a consumer debt specifying, if such property is claimed as exempt and the debtor intends to retain it, whether the debtor will redeem the property under Bankruptcy Code section 722 or reaffirm the debt under Bankruptcy Code section 524(c). *In re Waters,* 248 B.R. 916, 917 (Bankr.M.D.Fla.2000).

It is clear that section 521 does not provide the right to the Debtor to retain the collateral by continuing to make the monthly payments without reaffirming the underlying debt. *Id.* at 917–18. In effect, the Debtor wants to turn a recourse obligation into a nonrecourse obligation. The Debtor would benefit by continuing to use the collateral until such time as she determined the collateral was no longer worth keeping. She then could abandon the collateral with impunity for any deterioration or damage to the collateral which occurs during the period of its use. While this result is appealing from a debtor's perspective, it is the very result that the Eleventh Circuit has explicitly rejected in its holding in *Taylor v. AGE Fed. Credit Union,* 3 F.3d 1512, 1516 (11th Cir.1993).

■ Implicit in the Debtor's response to the Motion is the assumption that a debtor as a matter of law may keep a vehicle simply by making the payments without reaffirming the debt. This is a question of state law in that the discharge injunction of Bankruptcy Code section 524 does not protect property upon which a creditor has a lien, only the debtor from *in personam* liability on a pre-petition debt

that has not been reaffirmed. Further, it appears that under state law, a debtor's failure to reaffirm would result in a material change to the contractual undertaking of the debtor when the loan was made. Under such circumstances, a secured creditor may deem itself insecure to declare a default and avail itself of its repossession rights. *See, e.g., Quest v. Barnett Bank of Pensacola,* 397 So.2d 1020, 1021 (Fla. 1st DCA 1981)(citing § 671.208, Fla. Stat., for the proposition that "insecurity" clauses allowed under U.C.C. § 1–208 permit an acceleration of a note provided the creditor "in good faith believes that the prospect of payment of performance is impaired"); *In re Belanger,* 118 B.R. 368, 372 (Bankr. E.D.N.C.1990)("In fact, default clauses which permit the lender to declare a default in the event that the creditor deems its security interest insecure are specifically authorized by the Uniform Commercial Code and may be exercised by a secured lender if it has a good faith belief that the prospect for payment is impaired.").

■ The second reason that *in rem* relief from stay is appropriate is because the collateral is no longer property of the estate as it was claimed as exempt by the Debtor and the trustee has fully administered the estate without objecting to the Debtor's claim of exemption. Under Bankruptcy Code section 362(c)(1), the automatic stay continues "until such property is no longer property of the estate." The Debtor's automobile is no longer property of the estate, and her property interest in the automobile is no longer protected by the automatic stay.

Accordingly, it is

ORDERED:

1. The Motion is granted.

2. The automatic stay is hereby modified, and Movant may avail itself of its remedies to the extent provided for under applicable state law, to take possession of and sell its collateral:

2001 Toyota Camry 4T1BG22K61U783569

3. The relief granted hereunder is for *in rem* relief only, that is, Movant may take action only against the collateral, and the stay shall remain in effect to prevent Movant from seeking *in personam* relief against the Debtor.