**In re Wesley Allen HARRIS, Debtor.**

**Habersham Bank, Movant**

**v.**

**Wesley Allen Harris, Respondent.**

**No. 09–11449.**

United States Bankruptcy Court,
S.D. Georgia,
Augusta Division.

Jan. 15, 2010.

Lee Ringler, Lee Ringler Law Offices, Augusta, GA, for Debtor.

---

### *ORDER*

SUSAN D. BARRETT, Bankruptcy Judge.

Before the Court is the Motion for Relief from Stay filed by Habersham Bank ("the Bank") seeking stay relief based upon Wesley Allen Harris's ("Debtor") stated intent to retain the Bank's collateral without entering into a reaffirmation agreement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (G) and (O) and this Court has jurisdiction pursuant to 28 U.S.C. § 1334.

### *FINDINGS OF FACT*

The facts of this case are not in dispute. Wesley Allen Harris ("Debtor") filed for relief under chapter 7. On his bankruptcy schedules, Debtor listed his ownership of real property ("the Property") valued at $32,050.00 and the Bank's secured interest in the Property with a claim of $11,764.00. (Schedules A and D, Dckt. No. 1.) According to Debtor's Statement of Intention, Debtor intended to retain the Property and make regular payments to the Bank. (Statement of Intention, Dckt. No. 1.) Both parties agree Debtor is current with his payments to the Bank and there is equity in the Property.

### *CONCLUSIONS OF LAW*

■ The Bank's motion seeks relief from the stay because Debtor's Statement of Intention does not offer to surrender, reaffirm or redeem the debt, rather Debtor seeks to retain the Property and remain current with the payments. Although Debtor is current, the Bank avers it is not adequately protected because Debtor's personal liability for this debt will be extinguished when Debtor receives his bankruptcy discharge. Debtor contends there is no "cause" to lift the stay as there is equity in the Property and Debtor is current with his payments. Debtor further contends the changes made by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") reflect Congressional intent to allow such a course of conduct regarding real estate.

Debtor's proposed treatment of this debt has been called the "ride through" option. *See In re Linderman*, 2009 WL 3625386 *1 (Bankr.M.D.Fla. October 9, 2009)(describing the "ride through" option as the ability of a debtor to retain real property by proposing to make loan payments, rather than reaffirm the debt).

Prior to BAPCPA, there was a split among the circuits as to whether the ride through was a viable option for a chapter 7 debtor. *Compare, Home Owners Funding Corp. v. Belanger (In re Belanger)*, 962 F.2d 345, 347 (4th Cir.1992); *In re Price*, 370 F.3d 362, 379 (3rd Cir.2004); *McClellan Fed. Credit Union v. Parker (In re Parker)*, 139 F.3d 668, 673 (9th Cir.1998); *Capital Communications Fed. Credit Union v. Boodrow (In re Boodrow)*, 126 F.3d 43, 51 (2nd Cir.1997); *Lowry Fed. Credit Union v. West*, 882 F.2d 1543, 1547 (10th Cir.1989); *with Bank of Boston v. Burr (In re Burr)*, 160 F.3d 843, 847 (1st Cir. 1998); *Johnson v. Sun Fin. Co. (In re Johnson)*, 89 F.3d 249, 252 (5th Cir.1996); *Taylor v. AGE Fed. Credit Union (In re Taylor)*, 3 F.3d 1512, 1516 (11th Cir.1993);

*In re Edwards,* 901 F.2d 1383, 1387 (7th Cir.1990).

Prior to BAPCPA, the Eleventh Circuit rejected the "ride through" option concluding that pursuant to 11 U.S.C. § 521(a)(2),[1] if a debtor desired to retain property, the debtor is required to redeem or reaffirm the debt. *See Taylor v. AGE Fed. Credit Union,* 3 F.3d 1512, 1516 (11th Cir. 1993)("if a debtor retains secured property, then the options of redemption and reaffirmation are applicable and the debtor is required to redeem or reaffirm.").

BAPCPA added 11 U.S.C. § 521(a)(6)[2] and § 362(h)[3] which clearly eliminated the "ride through" for personal property. The issue in the current case is whether Congress' silence as to real property allows a chapter 7 debtor to retain real property without reaffirming the debt.

■ As courts have noted, "Congress is presumed to be aware of judicial interpre-

---

1. 11 U.S.C. § 521(a)(2) states in pertinent part

   (2) if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate—
   (A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property.

2. 11 U.S.C. § 521(a)(6) states in pertinent part:

   (a) The debtor shall:
   (6) in a case under chapter 7 of this title in which the debtor is an individual, not retain possession of personal property as to which a creditor has an allowed claim for the purchase price secured in whole or in part by an interest in such personal property unless the debtor, not later than 45 days after the first meeting of creditors under section 341(a), either—
   (A) enters into an agreement with the creditor pursuant to section 524(c) with respect to the claim secured by such property; or
   (B) redeems such property from the security interest pursuant to section 722

3. 11 U.S.C. § 362(h) states in pertinent part:

   (h)(1) In a case in which the debtor is an individual, the stay provided by subsection (a) is terminated with respect to personal property of the estate or of the debtor securing in whole or in part a claim, or subject to an unexpired lease, and such personal property shall no longer be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)—
   (A) to file timely any statement of intention required under section 521(a)(2) with respect to such personal property or to indicate in such statement that the debtor will either surrender such personal property or retain it and, if retaining such personal property, either redeem such personal property pursuant to section 722, enter into an agreement of the kind specified in section 524(c) applicable to the debt secured by such personal property, or assume such unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and
   (B) to take timely the action specified in such statement, as it may be amended before expiration of the period for taking action, unless such statement specifies the debtor's intention to reaffirm such debt on the original contract terms and the creditor refuses to agree to the reaffirmation on such terms.
   (2) Paragraph (1) does not apply if the court determines, on the motion of the trustee filed before the expiration of the applicable time set by section 521(a)(2), after notice and a hearing, that such personal property is of consequential value or benefit to the estate, and orders appropriate adequate protection of the creditor's interest, and orders the debtor to deliver any collateral in the debtor's possession to the trustee. If the court does not so determine, the stay provided by subsection (a) shall terminate upon the conclusion of the hearing on the motion.

tations of a statute." *In re Griffith,* 206 F.3d 1389, 1393 (11th Cir.2000). Several courts have considered the issue and concluded the BAPCPA changes only apply to personal property leaving the legal landscape regarding real property retention untouched. *See In re Wilson,* 372 B.R. 816, 820 (Bankr.D.S.C.2007)(finding controlling precedent in the Fourth Circuit provides the ride through option for real property which was unaffected by BAPCPA); *In re Waller,* 394 B.R. 111, 114 (Bankr.D.S.C.2008)(same); *In re Caraballo,* 386 B.R. 398, 402 (Bankr.D.Conn.2008) (finding Second Circuit precedent provided for the ride through option for real property which was unaffected by BAPCPA); *In re Bennet,* 2006 WL 1540842 *1 (Bankr. M.D.N.C. May 26, 2006) (finding debtors can retain real property without redeeming or reaffirming as long as debtor remains current). I agree the BAPCPA changes address the ride through as to personal property, not to real property. However, *Waller, Wilson, Caraballo* and *Bennet* are all from circuits that allowed a "ride through" prior to BAPCPA.

Prior to BAPCPA, the legal landscape under § 521(a)(2) in the Eleventh circuit was controlled by the *Taylor* case which did not allow a ride through. The language interpreted by the Eleventh Circuit in the *Taylor* case was unchanged by BAPCPA. In *Taylor,* the Eleventh Circuit expressed concern about turning a recourse loan into a non-recourse obligation which is contrary to the voluntary characteristic of a reaffirmation agreement. *Taylor,* 3 F.3d at 1516. In *Taylor,* the court reasoned:

> Allowing a debtor to retain property without reaffirming or redeeming gives the debtor not a 'fresh start' but a 'head start' since the debtor effectively converts his secured obligation from recourse to nonrecourse with no downside

risk for failing to maintain or insure the lender's collateral.

*Id.* While *Taylor,* involved personal property, the Eleventh Circuit's concern and rationale is the same concern the Bank is expressing in regards to real property.

I find the rationale and holding of *Taylor* applicable to the current case. *See In re Linderman,* 2009 WL 3625386 at *3 (applying *Taylor* and stating, "[t]he Eleventh Circuit looked at the plain language of the statute and interpreted the language to prohibit a ride through, regardless of the type of property involved. The modifications enacted by BAPCPA simply support the Eleventh Circuit's conclusion as to personal property."). Section 521(a)(2) still applies to "debts which are secured by property of the estate" which includes real and personal property. *See* 11 U.S.C. § 521(a)(2). Therefore, in a chapter 7 case, I find a debtor must reaffirm the debt if he chooses to retain the secured real property. *Taylor,* 3 F.3d at 1516; *In re Linderman,* 2009 WL 3625386 at *3; *In re Chubb,* 351 B.R. 478 (Bankr.E.D.Tenn. 2004).

Based upon this, Debtor is given 14 days from the date of entry of this order to comply with the terms herein. If Debtor does not reaffirm the debt or surrender the Property, relief from stay is appropriate. *See In re Chance,* 1994 WL 16005470 (Bankr.S.D.Ga. May 3, 1994) (creditor may file a relief from stay or a motion to compel if debtor does not comply with § 521(a)(2)); *In re Chubb,* 351 B.R. 478 (Bankr.E.D.Tenn.2004)(appropriate remedy for a debtor's failure to comply with § 521(a)(2) is order lifting stay).

It is therefore ORDERED that within 14 days of the date of the entry of this order Debtor shall amend his Statement of

Intention to comply with the terms of this order. Should Debtor fail to amend his Statement of Intention according to the terms of this order, the Court will enter an order granting relief from the stay for "cause."