In re Edward Jefferson HART, Jr., Debtor.

GENERAL MOTORS ACCEPTANCE CORPORATION, Plaintiff,

v.

Edward Jefferson HART, Jr., Defendant.

Bankruptcy No. 80–0026N.
Adversary No. 80–0026N.

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

June 5, 1980.

John G. McCullough, Wilkinson & McCullough, Atlanta, Ga., for plaintiff.

Joseph W. Powell, Columbus, Ga., for defendant.

ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on the complaint of General Motors Acceptance Corporation (GMAC) for relief from the automatic stay as proposed by 11 U.S.C. § 362(a). The relief sought relates to a 1975 Lincoln Mark IV automobile purchased by and in the possession of the debtor. GMAC holds a purchase money security interest and first lien on said vehicle arising out of an installment sales contract dated November 9, 1979.

On March 25, 1980, the debtor filed a petition under Chapter 7 of the Bankruptcy Reform Act of 1978. On May 2, 1980, the Court held a preliminary hearing in accordance with 11 U.S.C. § 362(e) at which time evidence was presented.

The evidence heard at that hearing indicated that the fair market value of the automobile is less than the net accelerated balance of $2,832.48 owed to GMAC by the debtor on the installment sales contract. The debtor has not filed a motion to redeem although he has filed and withdrawn a motion for reaffirmation.

The question to be answered by the Court is whether the party opposing relief from the stay has carried the burden of proof in showing that cause for lifting the stay does not exist. 11 U.S.C. § 362(g)(2). GMAC has shouldered the burden of showing that the debtor lacks equity in the collateral. 11 U.S.C. § 362(g)(1). The evidence produced at the hearing indicates that the fair market value of the automobile is exceeded by the lien of GMAC. The debtor claims that the automobile is necessary to an effective reorganization within the meaning of 11 U.S.C.

§ 362(d)(2)(B). However, this case is a liquidation proceeding. While one of the main purposes of the bankruptcy laws is to allow the honest debtor a fresh start, it must do so without unconstitutionally impairing the rights of secured creditors. *Wright v. Union Central Life Ins. Co.*, 311 U.S. 273, 61 S.Ct. 196, 85 L.Ed. 184 (1940); *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). The debtor has attended a discharge hearing held by this Court on May 23, 1980 and will within a month receive the discharge from all pre-petition obligations including the obligation secured by this automobile. In such a situation, where there is no reorganization pending or equity to protect for the unsecured creditors, relief from the stay to enforce a valid, perfected lien is demanded. To deny such relief would raise the specter of a debtor's retaining collateral without any personal liability on the underlying debt. In the event of a subsequent destruction of the collateral while uninsured, the creditor would be without a remedy, especially here, inasmuch as the parties have not agreed to a Court-approved reaffirmation agreement.

This logic impels the decision that the stay must be lifted. The debtor has not controverted this logic nor has he produced evidence or argument which demonstrates to this Court a good reason why the stay should remain in effect. Therefore, it is

ORDERED and ADJUDGED that the complaint for relief from the automatic stay as it relates to the creditor, GMAC, shall be and is granted.