**In re Eugene Otha McDANIEL and Dorothy Nellie McDaniel, Debtors.**

**Bankruptcy No. 91–1007–BKC–3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

July 24, 1991.

Dennis J. LeVine, Tampa, Fla., Melissa Webb, Jacksonville, Fla., for NCNB National Bank of Florida.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Reaffirmation Agreement between the Debtors and NCNB National Bank ("NCNB"). A hearing was held on May 15, 1991, and upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

On March 5, 1991, the Debtors filed their Chapter 7 petition. At no point during the bankruptcy proceedings have the Debtors been represented by counsel.

On November 28, 1990, the Debtors executed a Retail Installment Contract with NCNB which provided financing for the purchase of a used 1988 Chevrolet Cavalier, VIN 1G1JE5110JJ195791.

Under the Contract the Debtors were to make forty-eight monthly payments of $259.88. NCNB holds a security interest in the vehicle as reflected in the Certificate of Title.

On March 24, 1991, the Debtors executed a Reaffirmation Agreement with NCNB, reaffirming the $8,331.36 unpaid balance of the debt.

At the time of the hearing, the Debtors were current on their monthly payments to NCNB and their discharge had not yet been granted.

The issue before the Court is whether reaffirmation of this debt is in the best interests of the debtor and whether it imposes an undue hardship on the debtor.

### Conclusions of Law

Reaffirmation agreements entered into prior to the debtor's discharge are governed by 11 U.S.C. § 524(c) which provides in relevant part:

(c) An agreement between a holder of a claim and the debtor, the consideration for which, in whole or in part, is based on a debt that is dischargeable in a case under this title is enforceable only to any extent enforceable under applicable non-bankruptcy law, whether or not discharge of such debt is waived, only if—

(1) such agreement was made before the granting of the discharge under section 727, 1141, 1228, or 1328 of this title;

. . . . .

(6)(A) in a case concerning an individual who was not represented by an attorney during the course of negotiating an agreement under that subsection, the court approves such agreement as—

(i) not imposing an undue hardship on the debtor or a dependent of the debtor, and

(ii) in the best interest of the debtor.

(B) Subparagraph (A) shall not apply to the extent that such debt is a consumer debt secured by real property.

The Eleventh Circuit in *Transouth Financial Corp. of Florida v. Johnson*, 931 F.2d 1505 (11th Cir.1991), noted that § 524(c)–(d) sets up an "exhaustive court-monitored procedure" for the approval of reaffirmations. The court then stated that it would strictly scrutinize any such agreements and that "[f]orced settlements arising from the disparate strengths of the

creditor and debtor, typically disadvantageous to the debtor, will not receive court approval." *Id.* at 1509. *See also In re Farmer*, 13 B.R. 319, 320 (Bankr. M.D.Fla.1981).

The court in *In re Decamp*, 1980 WL 6780 (Bankr.M.D.Fla.1980), also considered a reaffirmation agreement involving a debt secured by an automobile. In concluding that the agreement was not in the best interests of the debtors, the court noted that as long as the debtors were current on their payments the lienholder could not deprive them of the car. *Id.* The court refused to approve the agreement because its effect would be "to saddle these Debtors with the potential exposure of a non-dischargeable and reaffirmed unsecured obligation...." *Id.* Thus, the debtors were permitted to continuing making payments under the contract without reaffirming the underlying debt.

In *Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989), the Tenth Circuit addressed the bankruptcy court's authority to allow a debtor to retain possession of collateral without redeeming or reaffirming the debt. The credit union had a security interest in debtors' automobile. Although debtors were current on their payments, the credit union argued that it had a right to repossess the collateral because the debtors had failed to redeem or reaffirm as required by § 521(2). The court concluded that the § 521(2) election is mandatory, but that Congress did not provide for a specific remedy for a creditor when the choice is not made. *Id.* at 1546. Thus, the credit union was not entitled to repossess the automobile.

In addition, the court also held that although the § 521(2) election is mandatory, redemption and reaffirmation are not the exclusive means by which a debtor may retain collateral. *Id.* at 1547. Concluding that where the debtor is not in default under the original agreement a reaffirmation is not necessary, the court stated:

> When the state of the evidence indicates neither the debtor nor the creditor would be prejudiced, a bankruptcy court may allow retention conditioned upon performance of the duties of the security agreement as a condition of the retention.

*Id. Contra In re Edwards*, 901 F.2d 1383 (7th Cir.1990).

The debtors in this case were current on their payments and had not received their discharge when they executed the reaffirmation agreement. Strictly scrutinizing the agreement as required by the Eleventh Circuit, the court finds that reaffirmation under such circumstances does not benefit the debtors and only unnecessarily saddles them with personal liability impairing their "fresh start."

Additionally, the court notes that under § 524(f) nothing in § 524(c) or (d) prevents the debtors from voluntarily repaying the debt. Reaffirmation is not in the debtors' best interests and the court declines to approve the agreement.

A separate Order denying debtors' application for approval of the reaffirmation agreement with NCNB Bank of Florida will be entered.