In the Matter of James R. HORNE and Fredericka D. Horne, Debtors.

BANK SOUTH, N.A., Movant,

v.

James R. HORNE and Fredericka D. Horne, Debtors, and James H. Bone, Chapter 7 Trustee, Respondents.

Bankruptcy No. N91–00924–WHD.

United States Bankruptcy Court, N.D. Georgia, Newnan Division.

Oct. 10, 1991.

As Clarified Oct. 29, 1991.

Neil C. Gordon, Havely M. Allgood, Macey, Wilensky, Cohen, Wittner & Kessler, Atlanta, Ga., for Bank South, N.A.

John G. McCullough, Gregson T. Haan, Atlanta, Ga., for General Motors Acceptance Corp.

Richard E. Reiter, Jr., The Brantley Group, Fayetteville, Ga., for debtors.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

This matter is before the Court on the Motion for Relief From Stay, filed by Bank South, N.A. ("Bank South") on June 12, 1991, against James R. Horne and Fredericka D. Horne ("Debtors"). A hearing was

held on July 19, 1991, at which time the parties were ordered to submit written briefs. Additionally, an *amicus curiae* brief was filed by General Motors Acceptance Corporation (GMAC). This Court has jurisdiction over the matter pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

On April 1, 1991, Debtors filed a Chapter 7 petition in this Court. Bank South is a creditor of Debtors, holding a consumer note secured by an interest in Debtors' automobile. The parties have stipulated that the installment note payments are current and not in default. Debtors have also filed a Statement of Intention, as required by 11 U.S.C. § 521(2)(A), stating that the automobile was to be retained by Debtors, but not specifying whether Debtors intended to reaffirm the debt to Bank South, redeem the property, or claim the property as exempt. Shortly after the first meeting of creditors, Bank South requested that Debtors reaffirm their debt. Debtors' counsel rejected the request, stating that since Debtors were current on their installments under the note, they would not reaffirm the debt. However, a short time later, Debtors did offer to reaffirm the debt for an amount representing the fair market value of the automobile, which was less than the amount owed on the debt, with such amount being paid in installments over a thirty-one month period. This offer was rejected by Bank South. On June 12, 1991, Bank South filed the Motion for Relief from Stay now before the Court. Thereafter, on June 17, 1991, the Chapter 7 Trustee abandoned the automobile from the estate. As of that time, Debtors had still not stated their intention to either reaffirm the debt or redeem the property.

The first issue to be decided is whether the provisions of 11 U.S.C. § 521(2)(A), con-cerning the intention of the debtor as to secured property, are mandatory, requiring Debtors to either redeem the property or reaffirm the debt if they wish to retain the property.[1] Debtors argue that since they are current in their obligation, Bank South's secured status is not impaired, and in the event they did default, Bank South would still retain the right to repossess the automobile. Therefore, Debtors argue that they should have the additional option, in lieu of reaffirmation or redemption, of continuing making payments on the contract as if the bankruptcy never occurred. Conversely, Bank South argues that § 521(2)(A) is clear on its face, and mandates that Debtors must either redeem the property or reaffirm the debt if they elect to retain the property. GMAC, in its *amicus curiae* brief, also takes this position and argues that allowing Debtors to keep the property, while extinguishing their personal liability through a chapter 7 discharge, would deprive creditors of their basic contractual protections, and would amount to a forced reorganization of the contract, which is not contemplated under chapter 7. Thus, Bank South and GMAC argue that the automatic stay should be lifted, and foreclosure allowed.

The second issue to be addressed is whether redemption pursuant to 11 U.S.C. § 722 may be made in installments, or whether it must be made in one lump sum payment. Debtors argue that the statute is silent on the method of payment, and thus periodic installment payments should be allowed. In contrast, Bank South and GMAC argue that a single, lump-sum payment is the only type of redemption contemplated by the Code, and that the weight of the case law supports such a position.

## CONCLUSIONS OF LAW

■ There is a split of authority as to the interpretation of 11 U.S.C. § 521(2)(A).[2]

---

**1.** The record does not indicate that the property was, or could be claimed as exempt, so the Court will assume that this option is not available.

**2.** 11 U.S.C. § 521 states, in pertinent part:
The debtor shall—

. . . .
(2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
(A) *within thirty days after the date of the filing of a petition under chapter 7 of this title*

The leading case espousing the view that a debtor, if he wishes to retain the property, is limited to either reaffirming the debt or redeeming the property is *In re Edwards*, 901 F.2d 1383 (7th Cir.1990). That case involved almost identical facts and issues as the case now before the Court, with the Seventh Circuit holding that the debtor had to choose one of the options listed in § 521(2)(A) if he wished to retain the property. *Id.* at 1386. The *Edwards* court held that the clear language of the statute requires that the debtor choose one of the listed options. *Id.* Moreover, the court stated, allowing the debtor to retain secured property without reaffirming the debt or redeeming the property, and with no personal liability, has the effect of forcing a new arrangement on the creditor, which is contrary to the voluntary nature of reaffirmation contemplated by the statute. *Id.* Additionally, since the debtor would be relieved of personal liability, he would have no incentive to maintain the value of the property. *Id.* Therefore, the court held that the debtor had to specify one of the alternatives listed in § 521(2)(A). *Id.; accord In re Bell*, 700 F.2d 1053 (6th Cir.1983); *In re Goldsby*, Case No. 188–00215, slip op. (Bankr.M.D.Ga. March 2, 1989). Bank South and GMAC argue that this Court should adopt the conclusion of the Seventh Circuit, and require Debtors to either reaffirm the debt or redeem the property.

Conversely, many courts have refused to limit the debtor to the choices listed in § 521(2)(A). The Tenth Circuit Court of Appeals has held that a debtor may retain secured property without making an election under § 521(2)(A) as long as the debtor is not otherwise in default, and no independent grounds exist for allowing repossession. *Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989). On facts similar to *Edwards*, the court held that while the requirements of § 521(2)(A) are mandatory, redemption and reaffirmation are not the exclusive methods under which a bankruptcy court may allow a debtor to keep secured property. *Id.* at 1547; *see also In re McNeil*, 128 B.R. 603 (Bankr.E.D.Pa.1991); *In re Hunter*, 121 B.R. 609 (Bankr.N.D.Ala.1990). The Tenth Circuit stated that where there has been no default, the debtor could retain the property without reaffirming or redeeming, and the failure to make such an election did not give the creditor an automatic right to repossess the collateral. *Lowry*, 882 F.2d at 1545; *see also Hunter*, 121 B.R. at 613; *In re Donley*, 131 B.R. 193 (Bankr.N.D.Fla. 1991); *In re Berenguer*, 77 B.R. 959 (Bankr.S.D.Fla.1987). Debtors urge the Court to adopt this line of cases and allow them to retain the property without making an election under § 521(2)(A), as long as they remain current in the contractual obligations.

This Court thinks that the better view, and one that is consistent with the wording of the statute, is that Debtors, if they intend on retaining the property, must choose one of the alternatives set forth in § 521(2)(A). Section 521(2)(A) clearly mandates that the debtor choose one of the options stated in the statute ("the debtor *shall* ...") (emphasis added), and perform the intention within a specified period of time ("the debtor *shall perform* his intention ...") (emphasis added). 901 F.2d at 1386; *Bell*, 700 F.2d at 1058. If Debtors intend on remaining current in their obligations under the contract, they may negotiate a reaffirmation agreement with the creditor. Allowing retention of the proper-

[11 USC §§ 701 et seq.] or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified in subparagraph (A) of this paragraph;

. . . .

ty without reaffirmation or redemption would be tantamount to forcing the creditor into a *de facto* reaffirmation agreement with no recourse against the debtor. *In re Hart*, 5 B.R. 524, 525 (Bankr.N.D.Ga.1980). Furthermore, the debtors would have no incentive to keep the property in good condition or to continue making payments if the value of the collateral declined below the amount of the debt or was destroyed. *Id.* at 525. Such an arrangement is contrary to the language of the Code. Therefore, the Court holds that Debtors must either reaffirm the debt or redeem the property, as specified in § 521(2)(A), if they wish to retain the property.

 The second issue before the Court is whether a redemption of the secured property pursuant to 11 U.S.C. § 722 may be made by installment payments, or whether it must be made in a lump sum. The language of the statute is silent as to the method of payment. However, the Court agrees with the reasoning set forth by the court in *In re Harp*, 76 B.R. 185, 186–87 (Bankr.N.D.Fla.1987), when it concluded that the Congressional intent was that the creditor be paid in one lump sum rather than installments. If the debtor desires to pay the debt in installments, he may renegotiate with the creditor, or pursue a conversion to Chapter 13. *Id.; Bell*, 700 F.2d

at 1056–57. If Debtors were allowed to pay in installments, they would have no reason to reaffirm, since they could, in effect, accomplish the same end with lower payments by redemption. *Bell*, 700 F.2d at 1056. Thus, if Debtors wish to redeem the property, they must do so in a single lump-sum payment.

Accordingly, there being no reason at this time to allow Bank South to repossess the property, the Motion of Bank South for Relief from the Automatic Stay is DENIED. It having appeared that a discharge has been entered for Debtors, they shall have twenty days from the entry of this Order to state and perform their intention as to the subject property. If they fail to do so, Bank South may at that time seek repossession of the property.

The Clerk's Office is directed to serve copies of this Order on counsel for the parties and General Motors Acceptance Corporation.

IT IS SO ORDERED.