In re Ruth Steppe SHUBERT, Debtor.

**FIRST NATL BANK OF UNION CO., Plaintiff,**

v.

**Ruth Steppe SHUBERT, Defendant.**

Bankruptcy No. G90–21202.
Adv. No. 91–2063.

United States Bankruptcy Court,
N.D. Georgia,
Gainesville Division.

March 25, 1992.

Claude S. Beck, Blairsville, Ga., for plaintiff.

Bill Parker, Alpharetta, Ga., for defendant.

ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

 This adversary proceeding is styled as a complaint to modify stay.[1] The issue

---

1. Pursuant to Bankruptcy Rule 4001, a proceed-

ing for relief from stay is commenced by filing

presented in Plaintiff's complaint is whether the options set forth in 11 U.S.C. § 521 of surrender, redemption or reaffirmation are the only options available to debtors with respect to a secured claim. Plaintiff cites *Bank South, N.A. v. Horne*, 132 B.R. 661 (Bankr.N.D.Ga.1991). In this district, Judge Drake in *Horne* concluded that the options enumerated in § 521 are exclusive and that a debtor is not entitled to retain collateral by merely continuing performance under the original agreement between the parties. The undersigned disagrees.

A bankruptcy court is not bound by another bankruptcy court's decision, or by an opinion by another bankruptcy judge of the same district. Only the decision of the Court of Appeals is binding precedent. *Fox v. Acadia State Bank*, 937 F.2d 1566 (11th Cir.1991). Therefore, the undersigned is not bound by the decision in *Horne*.

More persuasive on the § 521 issue is the Tenth Circuit opinion in *Lowry Federal Credit Union v. West*, 882 F.2d 1543 (10th Cir.1989). The *Lowry* court held that where the debtor has not defaulted, the debtor may retain the property without reaffirming or redeeming and the failure to make such an election does not give the creditor an automatic right to relief from the automatic stay. *Accord, In re Donley*, 131 B.R. 193 (Bankr.N.D.Fla.1991); *In re McDaniel*, 129 B.R. 301 (Bankr.M.D.Fla. 1991).

The holding in the *Lowry* case is bolstered by the recent decision of the U.S. Supreme Court in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), wherein the Court based its decision on the principle that a lien passes through bankruptcy unaffected. A debt may be discharged but the lien is not unless it has been avoided under an applicable provision of the Bankruptcy Code. Accordingly, it is hereby

ORDERED that judgment will be entered in favor of Defendant.

IT IS SO ORDERED.

---

a motion rather than an adversary proceeding. Plaintiff filed no request for expedited hearing of this adversary proceeding. Therefore, the court became aware that Plaintiff incorrectly filed its requests for relief from the stay as an adversary proceeding only upon the courtroom deputy clerk's routine review of adversary proceedings.