United States Court of Appeals,

Fifth Circuit.

No. 95-31124.

In the Matter of William T. JOHNSON, Jr.;  Marilyn A. Johnson, Debtors,

William T. JOHNSON, Jr.;  Marilyn A. Johnson, Appellants,

v.

SUN FINANCE COMPANY, Appellee.

July 26, 1996.

Appeal from the United States District Court for the Eastern District of Louisiana.

Before POLITZ, Chief Judge, and JOLLY and BARKSDALE, Circuit Judges.

PER CURIAM:

On appeal is the district court's upholding of the ruling by the bankruptcy court that the debtors William T. Johnson, Jr., and Marilyn A. Johnson must, under 11 U.S.C. § 521, state their intention with respect to a certain camcorder, a secured consumer good, to either surrender the property or retain it and, if the latter is chosen, to advise whether they:  (1) claim that the property is exempt, (2) will redeem the collateral, or (3) will reaffirm the debt.  On the facts as found and the reasons assigned by the bankruptcy court in its Reasons for Order dated May 3, 1995, a copy of which is attached hereto, adopted by the district court and now approved and adopted by us and made the opinion of this court, we AFFIRM.

APPENDIX

UNITED STATES BANKRUPTCY COURT

1

FOR THE EASTERN DISTRICT OF LOUISIANA

In the Matter of William T. Johnson, Jr., Marilyn A. Johnson, Debtors.

Bankruptcy No. 94-12904-JAB

CHAPTER 7

*REASONS FOR ORDER*

This matter came before the court on January 4, 1995 as a hearing on the motion of Sun Finance Company ("Sun") to dismiss or alternatively motion to compel. (Pl.11). The alternative part of the motion is granted for the reasons stated below.

*BACKGROUND*

William and Marilyn Johnson ("debtors") purchased a Sony camcorder from Campo Westbank on December 12, 1993, signed a promissory note for the purchase price of $760.57 and gave Sun (Campo's assignee) a security interest in the camcorder. (Pl. 18, Debtor's Post-Trial Memorandum, Ex. FN-2).

On August 29, 1994, the debtors filed for protection under Chapter 7 of the Bankruptcy Code. The parties dispute whether the debtors stated their intentions with respect to the camcorder at the Section 341 creditors meeting. It is undisputed, however, that the debtors did not file a statement of intention with respect to consumer debts in accordance with 11 U.S.C. § 521(2) until November 2, 1994. On November 2, 1994, the debtors filed Official Form No. 8, Chapter 7 Individual Debtor's Statement of Intention ("statement of intention"), and selected none of the alternatives listed on the form. (Pl.8). Instead, they indicated "N/A" next to the three alternatives listed: (1) reaffirmation pursuant to § 524(c), (2)

redemption pursuant to § 722, and (3) avoidance pursuant to § 522(f). *Id.* The debtors did not give any indication on the form as to their intentions with respect to the camcorder, and the debtors have not otherwise informed Sun of their intentions as to the camcorder.

The affidavit of Adam B. Marcus, account representative with Sun, states:

> The balance on the [debtors'] account was $541.31 as of December 29, 1994, and the account is in default due to the failure of the debtors to pay the monthly installment of $55.68 due September, 1994, or any installments thereafter.

(Pl.21, Ex. A). The debtors have not controverted the allegations of this affidavit.

*ANALYSIS*

Sun argues that 11 U.S.C. § 521(2) requires the debtors to elect one of the three options set forth in the statute and on the statement of intention. The debtors argue that the three options set forth in Section 521(2) are not exclusive, and that the debtors are entitled to retain the camcorder until any of the following occurs: (1) a request for turnover from the trustee; (2) seizure of the property pursuant to state court process; or (3) rescission of the contract of sale by Sun for non-payment of the purchase price under Article 2013 and 2018 of the Louisiana Civil Code.

Section 521 describes the debtor's duties in a bankruptcy case. Subsection (2) provides:

> (2) if an individual debtor's schedule of assets and liabilities includes consumer debts which are secured by property of the estate—
>
> (A) within thirty days after the date of the filing

3

of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;

(B) within forty-five days after the filing of a notice of intent under this section, or within such additional time as the court, for cause, within such forty-five day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; and

(C) nothing in subparagraphs (A) and (B) of this paragraph shall alter the debtor's or the trustee's rights with regard to such property under this title.

11 U.S.C. § 521(2).

Whether a debtor is limited to the three options of reaffirmation, redemption or surrender of the property, and the meaning of Section 521(2) has been hotly contested in recent jurisprudence.

The Seventh and Eleventh Circuits hold that debtors must choose to reaffirm the debt, redeem the property, or surrender the collateral, and nothing else. *Taylor v. AGE Federal Credit Union (In re Taylor),* 3 F.3d 1512 (11th Cir.1993); *In re Edwards,* 901 F.2d 1383 (7th Cir.1990). These circuits find that the statute is unambiguous, and that the options in the statue are exclusive.

The Fourth and Tenth Circuits hold otherwise. The Fourth Circuit has determined that the three options set forth in Section 521(2) do not prevent the further alternative of retaining the property and remaining current on the debt. *In re Belanger,* 962

4

F.2d 345 (4th Cir.1992).  The Tenth Circuit has determined in the case of *Lowry Federal Credit Union v. West,* 882 F.2d 1543, 1546 (10th Cir.1989), that Section 521(2) prescribes only three options, but that under the facts of the case in which neither the debtor nor the creditor would be prejudiced, the bankruptcy court could allow retention of the property "conditioned upon performance of the duties of the security agreement as a condition of retention".

The Fifth Circuit has not addressed the issue.

The district and bankruptcy courts are similarly divided. *See, e.g., In re Gerling,* 175 B.R. 295 nn. 1 & 2 (Bankr.W.D.Mo.1994) (holding that the debtor had to choose between the three options, and discussing the recent decisions).

Another option discussed in the decisions is whether the debtor may retain the property without either reaffirming or redeeming, and stay current on the payments owed.  The decisions all involve cases where the debtor is not in default for failure to keep the payments current.

The debtors in the case at bar have not kept current on the payments, but nevertheless argue that they may keep the property until the trustee requests turnover, the property is seized pursuant to state court process, or Sun rescinds the contract.

The court disagrees with the debtors' position.  The clear language of Section 521(2) states that "the debtor *shall* file with the clerk a statement of his intention".  Filing a statement of intention indicating that none of the three statutory alternatives are applicable, and failing otherwise to inform Sun of their

5

intention is not in compliance with Section 521(2). This court adopts the reasoning of the Eleventh Circuit in *Taylor,* and holds that the debtors are limited to the three options set forth in the statute.

If the payments are in default, as the Sun affidavit shows, Sun can always move to lift the stay in order to foreclose. Sun's motion to dismiss the case is, however, too harsh a remedy and is denied. Sun's alternative motion to compel will be granted. Sun's request for reasonable attorney's fees and costs will be denied at this time. If the debtors do not notify Sun within 10 days of entry of this order of their intention to reaffirm the debt, redeem or surrender the camcorder, the court can then either dismiss this case under Section 105 or deny the debtors their discharge under Section 727(a)(6). The court can also reconsider granting the attorney's fees that are denied at this time.

An order will be entered in accordance with these reasons.

New Orleans, Louisiana, this <u>3rd</u> day of May, 1995.

/s/ <u>Jerry A. Brown</u>

JERRY A. BROWN

United States Bankruptcy Judge