**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 99-10062
_____

In The Matter of: STEPHEN DALE SMITH, ET AL.,

Debtors.

_____

CREDITOR'S BANKRUPTCY SERVICE, ET AL.,

Appellants,

VERSUS

STEPHEN DALE SMITH, ET AL.,

Appellees.

_____

Appeal from the United States District Court
for the Northern District of Texas
(5:98-CV-243)
_____

February 11, 2000

Before POLITZ and DAVIS, Circuit Judges and RESTANI.[*]

PER CURIAM:[**]

Paul Mason & Associates, Inc. d/b/a/ Creditors Bankruptcy Service ("CBS") and Bank One Private Label Credit Services, Inc. d/b/a/ Service Merchandise ("Service" or collectively "Appellants") appeal the district court's order affirming the bankruptcy court's order denying reaffirmation and enjoining appellant from enforcing

_____

[*] The Honorable Jane A. Restani, Judge, U.S. Court of International Trade, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

its secured claim.  Appellants' principal argument on appeal is that because appellees failed to present a reaffirmation agreement to the court, the existence of Appellants' lien was not an issue properly before the court.  We conclude that no reaffirmation agreement was presented to the bankruptcy court and it had no authority to enter an order denying reaffirmation.  We therefore vacate the district court's judgment.

I.

Debtors-appellees Stephen and Sherryl Smith ("Debtors") filed a chapter 7 petition under the Bankruptcy Code.  This case was a no-asset[1] liquidation and the official notice sent to all listed creditors expressly instructed the creditors not to file proofs of claim.  Because of this order, Appellants did not file a proof of claim.  In their schedules, Debtors listed Service as an unsecured creditor.  Pursuant to a written contract with Service, CBS acted as Service's collection agent.

Several months after the chapter 7 petition was filed, CBS wrote a letter to Debtors' counsel asserting that Debtors owed Service $1,720.78 and that the agreement for the account provided Service with a purchase money security interest ("PMSI") in durable goods purchased.  The letter further inquired whether Debtors, in

---

[1] "In no-asset chapter 7 liquidation cases, the filing of a proof of claim serves no practical purpose since there will be no distribution from the estate in which to participate."  4 Collier on Bankruptcy ¶ 501.01[3] (15th ed. rev. 1999).

their Statement of Intentions[2], planned on reaffirming the debt, or whether the collateral would be redeemed or surrendered. In response, Debtors' counsel responded to CBS acknowledging receipt of a "Reaffirmation Agreement" and indicating that the "Reaffirmation Agreement" would be forwarded to Debtors if proof of a purchase money security interest was sent within twenty days. CBS did not respond to this request and had no further activity in the bankruptcy case until after discharge.

At Debtors' discharge hearing, Debtors' counsel represented to the bankruptcy court that Service, acting through CBS, "requested reaffirmation agreements" and did not provide "the proper security documents." Without Appellants' knowledge, Debtors' counsel filed the Letter and then asked the court to enter the "standard order" denying reaffirmation. The bankruptcy court granted Debtors' request and entered the order.

According to the terms of the order, the bankruptcy court: 1) denied the Reaffirmation Agreement 'proposed' by Appellants; 2) determined that Appellants' claim was unsecured; and, 3) enjoined Appellants from interfering with the Debtors in the possession of their property.

Appellants filed a joint motion for rehearing, challenging the propriety of the bankruptcy court's entry of the Order. On the date of the rehearing, the bankruptcy court, without hearing

---

[2] The debtor must announce in its Statement of Intentions whether it will reaffirm a secured debt, redeem the collateral, or surrender the collateral. In re Johnson, 89 F.3d 249, 252 (5th Cir. 1996).

evidence, denied the motion for rehearing because Appellants did not produce proof of the PMSI.  CBS and Service appeal.

                                    II.

Because the notice of the meeting of creditors ordered that no claims be filed, Appellants' purported security interest was not subject to the claims allowance process, under 11 U.S.C. § 501 et seq.   Nor was an adversary proceeding commenced pursuant to Bankruptcy Rule 7001 to determine the validity of appellants' claimed lien. The bankruptcy court nevertheless ruled that Appellant had no security interest in Debtors' durable goods when it denied the reaffirmation.  We first consider therefore whether the bankruptcy court was authorized to adjudicate the status of Appellants' lien as part of the reaffirmation process.

Under § 524 of the bankruptcy code a debtor in a Chapter 7 proceeding may reaffirm a pre-petition debt that would otherwise be discharged.  11 U.S.C. § 524(c).  "Because section 524 permits the debtor to reassume debts of which he would otherwise be relieved, it is in tension with the fresh start that the discharge of indebtedness is intended to give the debtor."  In re Turner, 156 F.3d 713, 718 (7th cir. 1998)(citing In re Duke, 79 F.3d 43, 44 (7th Cir. 1996)).  As a result, § 524 provides that a court may not approve a reaffirmation, unless the following conditions, *inter alia*, are met:

> • the agreement must be filed with the court;
> • the agreement itself must contain "a clear
> and conspicuous statement" advising the debtor
> that he may rescind the agreement within sixty
> days after it is filed or at any time prior to
> discharge;

                                    4

> • if an attorney represented the debtor during negotiation of the agreement, the filed copy of the agreement must include a declaration by counsel that the agreement is "fully informed" and "voluntary," that it does not impose an "undue hardship" on the debtor or his dependants, and that counsel advised the debtor of the legal effect and consequences of both the agreement and any default under that agreement ....

Id.; 11 U.S.C. § 524(c).

In Turner, the issue before the Seventh Circuit was whether a debtor's unilateral reaffirmation of a pre-petition debt constituted a valid reaffirmation agreement under § 524(c). In re Turner, 156 F.3d at 714. Debtor's counsel, who filed thousands of bankruptcy cases annually and therefore had incentives to minimize the amount of time spent on any one case, began to file form unilateral reaffirmations drafted and executed without the consent of creditors. Id. at 715. The court of appeals, noted that § 524© made repeated references to an 'agreement' and held that unilateral statements of intent to reaffirm did not constitute a reaffirmation agreement under § 524. Id. at 718. The court emphasized that, "[f]iled without notice, a unilateral reaffirmation may well give rise to eleventh-hour (not to mention post-discharge) disputes when an unwilling creditor learns that a reaffirmation has been attempted without its prior consent." Id. at 720-21.

We agree with Turner that the Code plainly does not contemplate that a bankruptcy court will enter an order permitting or denying reaffirmation unless and until an agreement between the debtor and creditor to reaffirm has been filed with the bankruptcy court. In the instant case, the letter the Debtors' counsel

5

presented to the bankruptcy court was not such an agreement.

In the letter, the creditor simply inquired how Debtors would treat the Appellants' secured claims in the Statement of Intentions. Counsel's response indicated that Appellants' "Reaffirmation Agreement" had been received and counsel would be "glad to forward the Reaffirmation Agreement to [Debtors]" if Appellants provided proof of their PMSI. No further communication took place between the parties.

Notwithstanding counsel's characterization of the letter as a "Reaffirmation Agreement", it is evident that this exchange of letters did not constitute an agreement by the Debtors to reaffirm the debt.

Assuming, without deciding, that in a proper case a bankruptcy court can adjudicate the existence of a lien ancillary to its order denying reaffirmation, the court plainly cannot do so unless it is presented with a valid reaffirmation agreement. In the instant case, no colorable reaffirmation agreement was presented for the bankruptcy court to approve or disapprove. As such, the bankruptcy court had no authority to enter the order.

III.

For the foregoing reasons, we VACATE the district court's judgment affirming the bankruptcy court's order enjoining appellant from enforcing its secured claim.

6